```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             Civil No. 10-4053(DSD/JJK)
```

Boston Scientific Corporation,

       Plaintiff,

v.                                                                           **ORDER**

Blair Kiland and St. Jude
Medical S.C., Inc.,

       Defendants.

    Martin S. Chester, Esq., Robert L. Schnell, Jr., Esq., Christina C. Semmer, Esq. and Faegre & Benson, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for plaintiff.

    Michael T. Nilan, Esq., Benjamin J. Rolf, Esq. and Nilan, Johnson, Lewis, P.A., 120 South Sixth Street, Suite 400, Minneapolis, MN 55402 and David J. Miclean, Esq., the Miclean Law Group, 303 Twin Dolphin Drive, Suite 600, Redwood Shores, CA 94065 and Gregg H. Metzger, Eq., James A. Gale, Esq. and Feldman Gale, P.A., 201 South Biscayne Boulevard, 19th Floor, Miami, FL 33131, counsel for defendants.

This matter is before the court upon the motion for a temporary restraining order by plaintiff Boston Scientific Corporation (Boston Scientific) and motion to dismiss, stay or transfer by defendants Blair Kiland and St. Jude Medical S.C., Inc. (St. Jude). Based on a review of the file, record and proceedings herein, the court grants the motion to dismiss.

**BACKGROUND**

This employment-contract dispute arises out of an "Employment Agreement" and "Boston Scientific Corporation Agreement Concerning Employment for U.S. Employees" (Agreement Concerning Employment)[1] between Boston Scientific and Kiland signed in December 2009. The Employment Agreement states that disputes or claims "shall be governed by the laws of the State of Minnesota regardless of the conflicts of laws rules of Minnesota or any other state." Compl. Ex. B ¶ 18. Kiland "consents to the exclusive jurisdiction of the state and federal courts of Minnesota" and "agrees that he will not commence litigation against [nonparty Guidant Sales Corporation (Guidant)][2] or its agents and employees for such disputes in any court outside the State of Minnesota." Id. The Employment Agreement states: "[t]his Agreement and the Boston Scientific Corporation Agreement Concerning Employment for U.S. Employees signed by Employee simultaneously with this Agreement constitute the entire agreement between the parties with respect to Employee's employment with GSC." Id. ¶ 16.

The Agreement Concerning Employment states that it "shall be interpreted and enforced as a Massachusetts contract ... in

---

[1] Boston Scientific did not acknowledge the existence of the Agreement Concerning Employment in its complaint. The court considers it, however, as necessarily embraced by the complaint.

[2] Guidant is a wholly-owned subsidiary of Boston Scientific. Boston Scientific acquired Guidant's rights on July 31, 2010.

accordance with the internal laws of the Commonwealth of Massachusetts without regard to its conflict of law rules." ECF No. 36-2, ¶ 18. The parties agree that actions "shall be commenced exclusively in the courts (including the Federal Courts) in either (i) the Commonwealth of Massachusetts or (ii) the state of the Employee's last (or if still employed, the Employee's current) primary work location for Boston Scientific." Id.  In July 2010, Kiland worked for Boston Scientific in California.

On July 2, 2010, Kiland resigned. At some point thereafter, he began working for St. Jude.[3] On September 13, 2010, Kiland and St. Jude filed an action against Boston Scientific and Guidant in the United States District Court for the Northern District of California, claiming fraudulent inducement, breach of contract, unfair competition and seeking declaratory judgment (California action). See Complaint, Kiland v. Boston Scientific Corp. No. 10-cv-4105 (N.D. Cal. Sept. 13, 2010). In response, Boston Scientific filed the instant action in this court, claiming breach of contract against Kiland, tortious interference with contract against St. Jude and seeking a declaratory judgment and injunctive relief against both defendants (Minnesota action).

In the Minnesota action, Boston Scientific moved for a temporary restraining order, seeking to enjoin Kiland and St. Jude from prosecuting the California action. Kiland and St. Jude then

---

[3] St. Jude is a competitor of Boston Scientific.

moved to dismiss, stay or transfer the Minnesota action. On September 30, 2010, the court heard oral argument. The court continued the hearing to November 19, 2010, to allow the first-filed court to consider the action and to allow the parties fully to brief the motion to dismiss. See Order 1, ECF No. 45. Scheduling issues prevented the California action from proceeding, and on November 12, this court again continued oral argument to allow the first-filed court to consider forum-selection issues.

Meanwhile, in the California action, Boston Scientific and Guidant moved to stay the action in favor of the Minnesota action. See Motion, No. 10-cv-04105, Kiland v. Boston Scientific Corp. (N.D. Cal. Oct. 4, 2010), ECF No. 13. On October 12, 2010, Kiland and St. Jude moved to enjoin further activity in the Minnesota action. See Motion, No. 10-cv-04105, Kiland v. Boston Scientific Corp. (N.D. Cal. Oct. 12, 2010), ECF No. 21. On October 22, 2010, Boston Scientific and Guidant moved to dismiss for improper venue based on the forum-selection clause in the Employment Agreement. See Motion, No. 10-cv-04105, Kiland v. Boston Scientific Corp. (N.D. Cal. Oct. 22, 2010), ECF No. 34.

On April 1, 2011, the Honorable Saundra Brown Armstrong denied the motions to stay and to dismiss by Boston Scientific and Guidant, and granted the motion for a preliminary injunction enjoining Boston Scientific from prosecuting the Minnesota action. The California court analyzed the Employment Agreement and

Agreement Concerning Employment and determined that the action implicates both documents.  See Order at 7-9, No. 10-cv-04105, Kiland v. Boston Scientific Corp. (N.D. Cal. Apr. 1, 2011), ECF No. 34.  As a result, the court held that multiple forum-selection clauses applied, determined that venue was proper and found no exception to the first-to-file rule.  Id. at 10-11.

In light of activity in the California action, the court now considers the instant motions for a temporary restraining order and to dismiss, stay or transfer.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 78, the court determines that oral argument is not needed to dispose the instant motions.  The parties have fully briefed the motions.  The court takes judicial notice of the orders of the court and filings of the parties in the California action.

It is well established that "in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."  Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir. 1985).  The first-filed rule is not "rigid, mechanical, or inflexible" and the court applies it to serve the interests of justice.  Id.  "The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply."  Nw. Airlines, Inc. v. Am. Airlines, Inc., 989

5

F.2d 1002, 1005 (8th Cir. 1993) (citation and internal quotation marks omitted). The rule exists "[t]o conserve judicial resources and avoid conflicting rulings" and absent compelling circumstances, "the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Id. at 1007.

As an initial matter, the court finds the well-reasoned order of Judge Armstrong to be persuasive. In the present case, no compelling circumstances exist. There is no appearance of a race to the courthouse. Kiland waited over two months to file suit after he stopped working for Boston Scientific. The California action involves both declaratory relief and damages.

Moreover, the Employment Agreement and Agreement Concerning Employment make venue in either California or Minnesota proper. In Minnesota, "instruments executed at the same time, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together unless the parties stipulate otherwise." Marso v. Mankato Clinic, Ltd., 153 N.W.2d 281, 288-89 (Minn. 1967); accord Winthrop Res. Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001). The court considers whether documents should be treated as a single contract in light of the intent of the parties manifested at the time of contracting and the surrounding circumstances. Farrell v.

6

Johnson, 442 N.W.2d 805, 807 (Minn. Ct. App. 1989). In this case, the parties did not stipulate to form two separate contracts. The documents were executed in December 2009, and both concern Kiland's employment with Boston Scientific. The Employment Agreement expressly incorporates the Agreement Concerning Employment. Further, entering into both agreements was a condition of guaranteed employment and compensation. Compl. Ex. B. ¶ A. As a result, the two documents must be read together, and neither forum-selection clause is mandatory. Therefore, this court finds no compelling circumstance to preclude application of the first-filed rule.

Applying the rule furthers the interests of justice in this case, as all of Boston Scientific's claims are available as counterclaims in the California action. Indeed, Boston Scientific has asserted those claims as counterclaims. See Countercl. ¶¶ 46–59, No. 10-cv-04105, Kiland v. Boston Scientific Corp. (N.D. Cal. Apr. 15, 2011), ECF No. 70. Piecemeal resolution of this action is not warranted. See Farmland Indus. v. Frazier-Parrott Commodities, Inc., 806 F.2d 848, 852 (8th Cir. 1986), abrogated on other grounds, Lauro Lines s.r.l. v. Chasser, 490 U.S. 495 (1989).

In short, the court agrees that the California action is properly first filed. All of the claims in the instant action are pending in the California action. As a result, this action is duplicative of the first-filed action. Under these circumstances,

neither the interests of justice nor judicial economy are served by retaining jurisdiction over this action.  Therefore, dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss, stay or transfer [ECF No. 17] is granted;

2.   The motion for a temporary restraining order [ECF No. 2] is denied as moot; and

3.   This action is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   July 25, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
